**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS**

**FRANK C. LOVE**                                                                    **PLAINTIFF**

**v.**                                **4:14-cv-00715-SWW**

**JONATHON COATS, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS AN
ARKANSAS STATE GAME AND FISH
COMMISSION WILDLIFE OFFICER**                                    **DEFENDANT**

<u>**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT AS TO OFFICIAL CAPACITY CLAIMS**</u>

COMES NOW Defendant Jonathon Coats ("Officer Coats"), appearing in his official capacity as an Arkansas State Game and Fish Commission ("AGFC") Wildlife Officer, by and through his undersigned attorneys in such capacity only, and submits this Memorandum in Support of his motion to dismiss the complaint ("Complaint") of Frank C. Love ("Plaintiff").

## I.  INTRODUCTION

On January 8, 2015, Plaintiff served upon Officer Coats Plaintiff's Complaint, which was filed on December 5, 2014.  **Doc. 1.**  Plaintiff's Complaint alleges an unreasonable and unlawful seizure and deprivation of substantive due process rights to life, liberty, and property in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution and Amendment 88 of the Arkansas Constitution.  Plaintiff has sued Officer Coats in both his individual and official capacity as a wildlife officer of the AGFC, a constitutional agency of the State of Arkansas. Plaintiff has asserted federal law claims under 42 U.S.C. § 1983 for the alleged civil rights violations.  Plaintiff has also asserted pendent state law claims for the alleged civil rights violations under the Arkansas Civil Rights Act of 1993 (Ark. Code Ann. §§ 16-123-101 *et seq.*) ("ACRA") and for the alleged torts of malicious prosecution, false imprisonment, assault, battery, intentional infliction of emotional distress, trespass to land, conversion, defamation,

violation of right to privacy, and negligence.   Plaintiff seeks a judgment for compensatory damages in excess of $1,000,000 and punitive damages in excess of $1,000,000, plus costs and a reasonable attorney's fee.  **Doc. 1, ¶¶ 34-36.**  Officer Coats files this Memorandum in Support of Motion to Dismiss Complaint as to Official Capacity Claims pursuant to Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction over official capacity claims due to absolute immunity under the Eleventh Amendment and state sovereign immunity) and 12(b)(6) (failure to state a claim) and respectfully requests that this Court dismiss Plaintiff's Complaint against him in his official capacity.

## II.  STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief can be granted. In ruling on a motion to dismiss, the Court must accept the factual allegations in a complaint as true and all reasonable inferences from the complaint must be drawn in favor of the non-moving party. *Gomez v. Toledo*, 446 U.S. 635, 636 n.3 (1980); *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996).   In recent years, the U.S. Supreme Court has clarified the pleading standard under Fed. R. Civ. P. 8 and stated that to survive a motion to dismiss a complaint must contain "enough facts to state a claim to relief that is *plausible on its face*" and to raise "*more than a sheer possibility* that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (emphasis added); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007) (emphasis added).The speedy and efficient administration of justice requires that claims lacking merit be disposed of at the first appropriate opportunity. *Orlando v. Alamo*, 646 F.2d 1288, 1289 (8th Cir. 1981) (citing *Hungate v. U.S.*, 626 F.2d 60, 62 (8th Cir. 1980)). Dismissal under Rule 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby

sparing litigants the burden of unnecessary pretrial and trial activity. *Young v. City of St. Charles, Missouri*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). Here, Plaintiff's Complaint against Officer Coats in his official capacity is fatally and irretrievably flawed and must be dismissed.

### III. ARGUMENT

Plaintiff has sued Officer Coats in both his individual and official capacity as an AGFC wildlife officer, and by this motion and memorandum Officer Coats is appearing only in his official capacity. The United States Supreme Court has explained the difference between official and individual capacity suits as follows:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 3105 (1985) (citations and footnotes omitted). As will be detailed below, this Court lacks subject matter jurisdiction over all official capacity claims against Officer Coats due to absolute Eleventh Amendment and state sovereign immunity, and Plaintiff cannot state official capacity federal and state claims against Officer Coats under 42 U.S.C § 1983 and the ACRA because in that capacity he is not a "person" for purposes of such claims. Accordingly, the Complaint must be dismissed in its entirety against Officer Coats in his official capacity.

**A. Eleventh Amendment and state sovereign immunity bar all of Plaintiff's official capacity claims (state and federal) against Officer Coats.**

The Eleventh Amendment to the U.S. Constitution bars all claims in federal court for damages against a state and its employees in their official capacity. *See* U.S. Const. amend. XI; *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999). This is because a suit against a state employee in his or her official capacity is merely a suit against the state itself, which is exactly what the Eleventh Amendment forbids. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citing *Graham*, 473 U.S. 159, 105 S. Ct. 3099).

Here, Plaintiff has sued Officer Coats in his official capacity as an AGFC wildlife officer seeking monetary damages.[1] His employer is AGFC, a constitutional agency of the State of Arkansas. *See* Ark. Const. amend. 35. As such, Plaintiff's official capacity claims against Officer Coats as an AGFC wildlife officer are, in effect, claims against the AGFC, an agency of the State of Arkansas. The State of Arkansas is immune from suit in federal court under the Eleventh Amendment. *Sossamon v. Texas*, 131 S. Ct. 1651, 1657 (2011); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-99 (1984) (citing *Ex parte State of New York*, 256 U.S. 490, 497 (1921)). This sovereign immunity applies to 42 U.S.C. § 1983 actions because Congress did not abrogate the Eleventh Amendment when enacting 42 U.S.C. §1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 64, 109 S. Ct. 2304, 2308 (1989); *Murphy v. State of Arkansas*, 127 F.3d

---

[1] Plaintiff also nominally requests an "Order that Defendant has violated the state and federal constitutional rights of Plaintiff." **Doc. 1, Prayer.** However, this too is barred by the Eleventh Amendment. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146, 113 S. Ct. 684, 688 (1993) (stating that the *Ex Parte Young* exception to Eleventh Amendment immunity does not permit judgments against state officers declaring that they violated federal law in the past*); see also Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (dismissing a § 1983 action for declaratory relief as moot where there was no reasonable expectation that the same plaintiff would be subject to the same action again).

750, 754 (8th Cir. 1997). This immunity extends to state agencies, including AGFC. *See Murphy*, 127 F.3d at 754 (holding Eleventh Amendment barred equal protection claims against the State of Arkansas, the Employment Security Department, and the Department of Finance and Administration); *Miller v. Hulsey*, 347 F. Supp. 192 (E.D. Ark. 1972) (dismissing § 1983 claim against AGFC). Accordingly, the Eleventh Amendment bars all of Plaintiff's official capacity claims against Officer Coats, and this Court must dismiss the same for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

Likewise, state sovereign immunity bars all of Plaintiff's pendent state law claims seeking money damages against Officer Coats in his official capacity as an AGFC wildlife officer. Article 5 § 20 of the Arkansas Constitution bars suits against the State and its employees in their official capacities. Ark. Const. art. 5, § 20 ("The State of Arkansas shall never be made a defendant in any of her courts."); *see Hanley v. Arkansas State Claims Comm'n*, 333 Ark. 159, 165-66, 970 S.W.2d 198, 200-01 (1998) ("[P]ursuant to the doctrine of sovereign immunity, neither the State nor its agencies [can] be named as defendants in its courts."); *Beaulieu v. Gray*, 288 Ark. 395, 398-99, 705 S.W.2d 880 (1986) (stating absolute immunity applies to employees of State agencies who are acting in their official capacities). When enacting the ACRA, the Arkansas Legislature did not abrogate the state's sovereign immunity under the Arkansas Constitution but clearly stated that "[n]othing in this subchapter shall be construed to waive the sovereign immunity of the State of Arkansas." Ark. Code Ann. § 16-123-104. Thus, in his official capacity, Officer Coats is absolutely immune from Plaintiff's pendent state law claims under state sovereign immunity.

In sum, Officer Coats is entitled to absolute immunity with respect to Plaintiff's federal and state law claims for money damages against him in his official capacity. *See* U.S. Const.

amend. XI; Ark. Const. art. 5, § 20.   This Court should dismiss all official capacity claims

against Officer Coats for lack of subject matter jurisdiction because of that immunity.   Fed. R.

Civ. P. 12(b)(1).

> **B.   Additionally, Plaintiff has failed to state official capacity federal and state claims against Officer Coats under 42 U.S.C § 1983 and the Arkansas Civil Rights Act of 1993 because in his official capacity he is not a "person" for purposes of such claims.**

Title 42 U.S.C. § 1983 provides:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (emphasis added).   As detailed above, this suit against Officer Coats in his

official capacity is effectively a suit against AGFC, a constitutional agency of the State of

Arkansas.   The United States Supreme Court has held that neither a state nor its officials are

"persons" under 42 U.S.C. § 1983.   *See Will*, 491 U.S. 58, 109 S. Ct. 2304.   The Arkansas

Supreme Court, using the federal case law as a guide pursuant to Ark. Code Ann. § 16-123-

105(c), has also held that neither a state nor its officials are "persons" under the ACRA, Ark.

Code Ann. §§ 16-123-101 *et seq*.   *See Newton v. Etoch*, 332 Ark. 325, 965 S.W.2d 96 (1998).

Thus, Plaintiff has failed to state a claim upon which relief may be granted against Officer Coats

in his official capacity under either 42 U.S.C § 1983 or the ACRA.   Accordingly, in addition to

dismissing all official capacity claims on immunity grounds, this Court should dismiss those two

particular official capacity claims against Officer Coats for failure to state a claim upon which

relief can be granted.   Fed. R. Civ. P. 12(b)(6).

## IV.  CONCLUSION

For the foregoing reasons, in accordance with Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction over official capacity claims due to absolute immunity under the Eleventh Amendment and state sovereign immunity) and 12(b)(6) (failure to state a claim), Defendant Jonathon Coats, appearing in his official capacity, respectfully moves that this Court dismiss Plaintiff's Complaint against him in his official capacity, for his attorneys' fees and costs in connection with filing the Motion to Dismiss and this Memorandum in Support, and for all other just and proper relief to which he is entitled.

Respectfully submitted,

Jonathon Coats in his official capacity
*Defendant*

By:  /s/ John P. Marks
     James F. Goodhart, ABA #92080
     John P. Marks, ABA #2003132
     ARKANSAS GAME AND FISH COMMISSION
     Legal Division
     2 Natural Resources Drive
     Little Rock, AR 72205
     Tele: (501) 223-6327
     Fax:  (501) 223-6463
     Email: james.goodhart@agfc.ar.gov
     Email: john.marks@agfc.ar.gov
     *Attorneys for Defendant Jonathon Coats in his official capacity*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all CM/ECF participating counsel of record below:

Mr. Robert K. Jackson
Mr. Robby Golden
Wildlife Attorneys of Arkansas, PLLC
400 W. Capitol Ave., Ste. 1700
Little Rock, AR 72201
(501) 944-4263
Fax: (888) 830-6252

Mr. Charles Lyford
Arkansas Attorney General's Office
Catlett-Prien Tower Building
323 Center St., Ste. 200
Little Rock, AR 72201-2610
(501) 682-3676
Fax: (501) 682-2591
Email: charles.lyford@arkansasag.gov

/s/ John P. Marks
John P. Marks, ABA #2003132
*Attorney for Defendant Jonathon Coats in his official capacity*