IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

FRANK C. LOVE                                                                                    PLAINTIFF

v.                                      No. 4:14-CV-00715 SWW

JONATHON COATS
individually and in his
official capacity as an
Arkansas Game and Fish
Commission Wildlife Officer                                                                DEFENDANT

## ANSWER

Comes Defendant Jonathon Coats, individually and in his personal capacity, through Arkansas Attorney General Leslie Rutledge and Assistant Attorney General Charles Lyford, and states for his Answer:

1.  Defendant denies this Court has subject-matter jurisdiction of Plaintiff's claims, whether arising under federal or Arkansas law. Defendant denies the remaining allegations in paragraphs 1, 2, 3, and 4 of the Complaint.

2.  Defendant is without sufficient information to admit or deny the allegations in paragraph 5 of the Complaint concerning Plaintiff's domicile and land holdings, and so denies them. Defendant denies the remaining allegations in paragraph 5.

3.  Defendant admits he acted during the relevant time period within the course and scope of his employment as an Arkansas Game and Fish Commission Wildlife Officer. Sovereign and qualified immunities therefore bar Plaintiff's claims. Defendant denies any remaining allegations in paragraph 6 of the Complaint, including the assertion of imputed liability.

4. Defendant denies the allegations in paragraph 7 of the Complaint.

5. Defendant admits he acted during the relevant time period within the course and scope of his employment as an Arkansas Game and Fish Commission Wildlife Officer. Defendant denies the allegations of unlawful activity in paragraph 8 of the Complaint.

6. Defendant denies the allegations of unlawful activity in paragraph 9 of the Complaint, and denies any further allegations in paragraph 9 requiring a response.

7. Defendant admits he authored Incident/Investigative Report No. 25-92794-05.01, and admits a document purporting to be Report No. 25-92794-05.01 is attached to the Complaint. To the extent the quoted statement in paragraph 10 of the Complaint accurately reflects the language of Report No. 25-92794-05.01, Defendant adopts the quoted statement. Defendant denies any remaining allegations in paragraph 10.

8. Defendant admits a document purporting to be Report No. 25-92794-05.01 is attached to the Complaint. To the extent the quoted statement in paragraph 11 of the Complaint accurately reflects the language of Report No. 25-92794-05.01, Defendant adopts the quoted statement. Defendant denies the original of Report No. 25-92794-05.01 contained ellipses or bolded language. Defendant denies any remaining allegations in paragraph 11.

9. Defendant admits a document purporting to be Report No. 25-92794-05.01 is attached to the Complaint. To the extent the quoted statement in

2

paragraph 12 of the Complaint accurately reflects the language of Report No. 25-92794-05.01, Defendant adopts the quoted statement.  Defendant denies the original of Report No. 25-92794-05.01 contained ellipses.  Defendant denies any remaining allegations in paragraph 12.

10. Defendant admits a document purporting to be Report No. 25-92794-05.01 is attached to the Complaint.  Defendant admits that Plaintiff claimed to be hunting hogs when questioned.  Defendant denies paragraph 13 of the Complaint to the extent it conflicts with or misstates the statutes, regulations, and guidelines applicable to feral hogs in Arkansas.  Defendant denies any remaining allegations in paragraph 13.

11. Defendant admits that on October 22, 2013, he arrested Plaintiff for refusing to produce a hunting license, suspicion of hunting out of season, and possession of prohibited firearms.  Defendant admits that Plaintiff's vehicle and other belongings were impounded once he was placed in custody.  Defendant denies any remaining allegations in paragraph 14.

12. Defendant admits that Plaintiff was charged with violations of Arkansas Game and Fish Commission Codes 05.28 ("Refusing Inspection by a Wildlife Officer"), 06.03 ("Certain Firearms Prohibited During Muzzleloader/Deer Season"), and 05.01 ("Hunting Wildlife/Deer in Closed Season Prohibited").

13. Defendant admits Plaintiff pled not guilty to these charges. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 16 of the Complaint, and so denies them.

14.     Defendant admits a bench trial was held on in the District Court of Jackson County, Arkansas, during which evidence was presented for and against the charges. Defendant denies any characterization of the proceedings inconsistent with the record for Jackson County District Court cases CR-13-3008, CR-13-3009, and CR-13-3010, and denies any further allegations in paragraph 17 of the Complaint.

15.     Defendant admits that Plaintiff was fined $240.00 after being found guilty of Refusing Inspection by a Wildlife Officer. Defendant admits Plaintiff was found not guilty of Possessing Certain Firearms Prohibited During Muzzleloader/Deer Season, and not guilty of Hunting Wildlife/Deer in Closed Season.

16.     Paragraphs 19 and 20 of the Complaint do not appear to make allegations requiring a response. To the extent they do, Defendant denies those allegations.

17.     Defendant admits the State entered a nolle prosequi for the charge of Refusing Inspection by a Wildlife Officer. Defendant denies any characterization of proceedings inconsistent with the record for Jackson County Circuit Court case CR-14-51, *State of Arkansas v. Frank Love*, and denies any further allegations in paragraphs 21, 22, and 23 of the Complaint.

18.     Defendant denies the allegations in paragraphs 24, 25, and 26 of the Complaint.

19. Paragraph 27 of the Complaint does not appear to make allegations requiring a response. To the extent it does, Defendant denies those allegations.

20. Defendant denies the allegations in paragraph 28 of the Complaint.

21. Paragraph 29 of the Complaint does not appear to make allegations requiring a response. To the extent it does, Defendant denies those allegations.

22. Defendant denies the allegations in paragraphs 30, 31, and 32 of the Complaint.

23. Paragraph 33 of the Complaint does not appear to make allegations requiring a response. To the extent it does, Defendant denies those allegations.

24. Defendant is without sufficient information to admit or deny the allegations in paragraph 34 of the Complaint concerning Plaintiff's domicile, profession, and land holdings, and so denies them. Defendant denies the remaining allegations in paragraph 34, and denies Plaintiff is entitled to any of the relief requested in subparts a, b, c, d, e, f, and g.

25. Defendant denies the allegations in paragraph 35 of the Complaint, and denies Plaintiff is entitled to any of the relief requested in paragraphs 35 and 36.

26. Defendant joins Plaintiff's request for a jury trial.

27. Defendant states as an affirmative defense that this Court lacks subject-matter jurisdiction, and so the claims should be dismissed under Fed. R. Civ. P. 12(b)(1).

28. Defendant states as an affirmative defense that Plaintiff failed to plead claims for which relief can be granted, and so the claims should be dismissed under Fed. R. Civ. P. 12(b)(6).

29. Defendant states as an affirmative defense that he is entitled to qualified immunity with respect to all personal-capacity claims.

30. Defendant states as an affirmative defense that sovereign immunity bars all official-capacity claims.

31. Defendant states as an affirmative defense that the totality of circumstances created reasonable suspicion that Plaintiff had violated Arkansas Game and Fish Commission Codes 05.28 ("Refusing Inspection by a Wildlife Officer"), 06.03 ("Certain Firearms Prohibited During Muzzleloader/Deer Season"), and 05.01 ("Hunting Wildlife/Deer in Closed Season Prohibited") prior to his arrest.

32. Defendant denies all allegations not specifically admitted, whether such allegations appear in the Complaint or in any document attached to or incorporated with the Complaint.

33. Defendant reserves the right to amend and plead further.

WHEREFORE, Defendant Jonathon Coats, individually and in his personal capacity, requests that the Court dismiss Plaintiff's claims.

    Respectfully submitted,

    LESLIE RUTLEDGE,
    Attorney General

By:   /s/ Charles Lyford
Arkansas Bar # 2010-200
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, AR  72201-2610
Telephone: (501) 682-1307
Facsimile:  (501) 682-2591
charles.lyford@arkansasag.gov
*Attorneys for Defendant*
*in his personal capacity*


**CERTIFICATE OF SERVICE**

I, Charles Lyford, certify that on this 29th day of January, 2015, the foregoing was filed electronically using the CM/ECF system, which will notify the following participants:

Robert Jackson
Robby Golden
Wildlife Attorneys of Arkansas, PLLC
400 W. Capitol Ave., Ste. 1700
Little Rock, AR 72201
Phone: (501) 944-4263
Fax: (888) 830-6252
*Attorneys for Plaintiff*

James Goodhart
John Marks
Arkansas Game and Fish Commission
2 Natural Resources Drive
Little Rock, AR 72205
Phone: (501) 223-6327
Fax:  (501) 223-6463
*Attorneys for Defendant*
*in his official capacity*

/s/ Charles Lyford