IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

FRANK C. LOVE                                                                   PLAINTIFF

VS.                         NO. 4:14-cv-00715-SWW

JONATHON COATS                                               DEFENDANT

**OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**

      Comes the Plaintiff, Frank C. Love ("Love"), by his attorneys, Robert Keller Jackson and Robby Golden, and for his Opposition to Motion for Judgment on the Pleadings, states:

      1.       Plaintiff Love denies each and every material allegation contained in Defendant's motion for judgment on the pleadings unless specifically admitted herein. Plaintiff asserts Defendant's motion is premature since the discovery deadline is currently July 17, 2015, and the motion deadline is August 17, 2015. The pleadings are not "closed" in this matter. Furthermore, Defendant's intentional misconduct against Plaintiff including, but not limited to, unreasonable searches and seizures through the use of covert cameras without a warrant, abuse of the confidential informant procedures, lack of probable cause and unlawful arrest, and violation of Plaintiff's clearly established rights to discharge lawful weapons on his private property and kill feral hogs at any time, preclude Defendant from escaping liability under a qualified immunity defense. Finally, the open-fields doctrine is inapplicable to the facts in this case.

      2.       Plaintiff Love admits paragraph 1 of Defendant's motion only to the extent Defendant was employed by the Arkansas Game and Fish Commission ('the Commission") and made the arrest at issue herein. Plaintiff specifically denies the averment that he was "hunting" on his land and asserts that killing feral hogs on private property is not prohibited under the

1

Commission's Code of Regulations, i.e. private landowners can kill feral hogs with any weapon on their private property at any time of the year, day or night, and no hunting license is necessary.

3. Plaintiff admits paragraph 2 only to the extent that his arrest violated his constitutional rights, including but not limited to, unlawful searches and seizures with covert cameras on his property, unlawful arrest without probable cause, and malicious prosecution using a fictitious confidential informant. Plaintiff asserts that, on or about October 29th, 2014, Defendant Coats charged Plaintiff with violations of Commission Code 05.01 (Hunting Wildlife/Deer in Closed Season Prohibited), Commission Code 06.03 (Certain Firearms Prohibited During Muzzleloader/Deer Season), and Commission Code 05.28 (Refusing Inspection by a Wildlife Officer), in spite of Plaintiff's statement at the time of his arrest that he was killing feral hogs on his private property and did not need a hunting license in his possession.

4. Plaintiff denies paragraph 3 of Defendant's motion as stated and asserts the aforementioned charges were the culmination of unlawful searches, arrest and prosecution of Plaintiff and necessitated Plaintiff hiring local counsel. On January 8, 2014, a bench trial was held in Jackson County District Court, Newport Division, before the Honorable John D. Eldridge III. Defendant Coats testified under oath that Plaintiff was, in fact, hunting deer on his private property in a closed season and with a prohibited weapon. Defendant Coats testified that Plaintiff was not able to produce proper identification. Plaintiff testified that he was not deer hunting, rather he was killing hogs on his private property which did not require a license and hogs could be taken at any time by any method. On February 20, 2014, Judge Eldridge issued a

letter opinion in which he made "not guilty" findings on the two (2) deer hunting charges but found the defendant "guilty" of refusing inspection and fined him $240.00. Plaintiff Love timely appealed to the Jackson County Circuit Court the one conviction of refusing inspection. On June 13th, 2014, the Jackson County DPA sent a letter to Plaintiff's counsel stating that the Arkansas Game and Fish would like to nolle prosequi the remaining charge in return for Love's signature on a Release Agreement for potential civil liabilities, which was prepared by the Commission. Plaintiff was not required by any state or federal law to sign a Release Agreement in exchange for a nolle prosequi and, therefore, he did not sign the Release Agreement. On June 26th, 2014, Plaintiff and his counsel appeared at a motion hearing in Newport, Arkansas. Mr. James F. Goodhart and Ms. Jennifer Jameson McKendree appeared for the Commission. One of the motions argued was to reveal the identity of the confidential informant. Plaintiff's counsel and the Circuit Judge pressed Commission counsel for information on the identity of the confidential informant. Commission counsel was forced to admit at the hearing that nothing existed regarding the identity, address, phone number or any other information on the confidential informant. At the conclusion of the hearing, the Circuit Judge ordered the State and the Commission to produce any and all information as to the identity of the confidential informant. Several days after the hearing, Defendant Coats, the State of Arkansas and the Commission chose to voluntarily nolle prosequi the remaining charge against Plaintiff without the requirement of a signed Release Agreement.

5.    Plaintiff Love denies paragraph 4 of Defendant's motion as stated and asserts Plaintiff's Complaint speaks for itself as to the relief requested.

6.	Plaintiff Love denies paragraph 5 of Defendant's motion and asserts qualified immunity does not shield Defendant from liability for violating Plaintiff's clearly established rights to discharge lawful weapons on his private property and to kill feral hogs on his private property, day or night, without having to comply with the requirement of possessing a hunting license.  Plaintiff denies the open-fields doctrine is applicable to the facts herein.

7.	Plaintiff Love denies Paragraph 6 of Defendant's motion and asserts Defendant lacked probable cause to arrest Plaintiff.

8.	Plaintiff Love denies Paragraph 7 of Defendant's motion and asserts Defendant's alleged qualified immunity defense does not bar Plaintiff's federal claims under the facts herein and this Court clearly can exercise pendent jurisdiction over Plaintiff's state claims.

9.	Plaintiff Love admits paragraph 8 of Defendant's motion only to the extent that Exhibit A attached to Defendant's motion appears to represent supplemental reports from additional Commission wildlife officers who became involved post-arrest in this matter, however Plaintiff specifically denies any and all representations of the officers contained in Exhibit A.

10.	Paragraph 9 requires no response.  A Brief in Support of Opposition to Motion for Judgment on the Pleadings is being filed simultaneously herewith and is incorporated by reference herein.

WHEREFORE, Plaintiff, Frank C. Love, respectfully prays this Honorable Court enter an Order denying the Motion for Judgment on the Pleadings; for attorney's fees and costs expended herein; and for any and all other just and proper relief to which Plaintiff may be entitled.

    Respectfully submitted,

    FRANK C. LOVE, PLAINTIFF

                                          By: /s/ Robert K. Jackson
                                          Robert K. Jackson, AR Bar No. 85079
                                          Robby Golden, AR Bar No. 2003134
                                          Wildlife Attorneys of Arkansas, PLLC
                                          400 West Capitol Ave., Suite 1700
                                          Little Rock, Arkansas  72201
                                          (501) 944-4263 - phone
                                          (888) 830-6252 - facsimile

## **CERTIFICATE OF SERVICE**

    I, Robert K. Jackson, certify that on this 15th day of May, 2015, the foregoing was filed electronically using the CM/ECF system, which will notify the following:

Hon. Leslie Rutledge, Attorney General
Hon. Charles Lyford, Asst. Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201-2610
Telephone: (501) 682-1307
Facsimile: (501) 682-2591


                                          /s/ Robert K. Jackson